UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL TATE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:18-cv-00629 |
| REGIONAL ACCEPTANCE CORPORATION, | JURY DEMAND |
| Defendant. | |

### COMPLAINT

NOW comes MICHAEL TATE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of REGIONAL ACCEPTANCE CORPORATION, ("Defendant"), as follows:

#### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas.

## PARTIES

4. Plaintiff is a natural person residing in Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a North Carolina limited liability company with its principal place of business located at 1424 East Fire Tower Road, Greenville, North Carolina 27858. Regional's registered agent in Texas is CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 7520.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In or around November 2015, Plaintiff took out an automobile loan ("subject debt") serviced by Defendant.

10. After losing his job, Plaintiff fell on hard times and began falling behind on the payments towards the subject debt.

11. In October 2017, Plaintiff began receiving more calls to his cellular phone ending in 2016, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2016. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has mainly used the phone number (866) 380-9730 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Upon information and belief, the above referenced phone number ending in 9730 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff often experiences a recorded message and noticeable pause, lasting several seconds in length, before a live representative begins to speak.

16. In October 2017, Plaintiff also demanded that Defendant stop contacting him on his cellular phone and asked to be removed from Defendant's calling list.

17. Despite Plaintiff's request, Defendant continued to regularly place phone calls to Plaintiff's cellular phone.

18. Plaintiff has received not less than 30 phone calls from Defendant since asking it to stop calling.

19. Defendant's most recent calls to Plaintiff's cellular phone were placed on:

   a. February 8, 2018 at 10:34 a.m. from telephone number (866) 380-9730; and
   b. February 9, 2018 at 10:05 a.m. from telephone number (866) 380-9730.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message and noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Defendant had to contact Plaintiff on his cellular phone was explicitly revoked by his demand that Defendant cease placing calls to his cellular phone.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHAEL TATE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

30. The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

31. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

32. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

33. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

34. Defendant's collection calls to Plaintiff's cellular phone are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

35. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff or causing Plaintiff to be contacted on his cellular phone. Defendant called Plaintiff on his cellular phone through means of an ATDS when Defendant did not have consent to do so after Plaintiff demanded that the calls cease. Defendant ignored Plaintiff's request and continued to place calls to Plaintiff's cellular phone without his consent. By doing so, Defendant

falsely and deceptively represented that it had the legal ability to contact Plaintiff on his cellular phone seeking collection of a debt when it was not legally entitled to take such action. Defendant had an obligation under the TCPA to cease its contacts to Plaintiff's cellular phone, but ignored this obligation in order to maximize its profits and continued to harass Plaintiff. Following its characteristic behavior in placing, or causing to be placed, voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

36. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

38. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that he did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff on his cellular phone. Even still, Defendant continued to act in defiance of Plaintiff's prompt, and the law, by continuing to place collection calls to his cellular. In an unfair and unconscionable manner, Defendant caused Plaintiff to be called in an attempt to harass, annoy, and coerce Plaintiff into making a payment towards a debt.

39. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and, for public policy reasons, should be penalized.

WHEREFORE, Plaintiff, MICHAEL TATE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 27, 2018                                  Respectfully submitted,

s/ Marwan R. Daher                                        s/Omar T. Sulaiman
Marwan R. Daher, Esq.                                     Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                     Counsel for Plaintiff
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                     2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                               (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                    osulaiman@sulaimanlaw.com